**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| JAHIR HERNANDEZ-HERNANDEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:26-cv-02332-TLP-cgc |
| v. | ) | |
| | ) | |
| CHRISTOPHER BULLOCK, Field Office | ) | |
| Director of Immigration and Customs | ) | |
| Enforcement, New Orleans Field Office, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT**

Petitioner Jahir Hernandez-Hernandez, a noncitizen detained in the West Tennessee Detention Facility in Mason, Tennessee petitions for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) The Court ordered Respondent to show cause why the Writ should not be grated. (ECF No. 6.) Respondent responded. (ECF No. 8.) And Petitioner replied. (ECF No. 10.) For the reasons below, the Court **DENIES** the Petition **AS MOOT**.

**BACKGROUND**

Petitioner is a nineteen-year-old Mexican citizen. (ECF No. 10 at PageID 55.) His parents brought him to the United States when he was about four years old. (*Id.*; *see* ECF No. 8-2 at PageID 42.) Before the events discussed below, Petitioner lived with his mother and two younger brothers in Murfreesboro, Tennessee. (*Id.*)

The Rutherford County Sheriff's Office ("RCSO") arrested Petitioner in June 2025 for driving under the influence of alcohol ("DUI"). (ECF No. 8-2 at PageID 43.) A Rutherford County court convicted Petitioner for that offense a few months later. (*Id.*) The RCSO arrested

1

Petitioner again in early December 2025, this time for violating his probation by driving with a suspended license.  (*Id.*)

After a Rutherford County court convicted Petitioner for violating probation, the RCSO released Petitioner into U.S. Immigration and Customs Enforcement's ("ICE") custody.  (*Id.*) The Department of Homeland Security then served Petitioner with a Notice to Appear.  (ECF No. 8-1 at PageID 37.)  It charges him with being "an alien present in the United States who has not been admitted or paroled" under the Immigration and Nationality Act ("INA") §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I).  (*Id.*; *see id.* at PageID 40.)  Petitioner is currently detained by ICE at the West Tennessee Detention Center in Mason, Tennessee.  (ECF No. 8 at PageID 26.)

On February 17, 2026, Petitioner received a bond hearing at the Memphis Immigration Court.  (ECF No. 8-4 at PageID 51.)  The Immigration Judge ("IJ") denied bond, explaining:

> The Department of Homeland Security has classified this Respondent as an applicant for admission.  The Court does not have the authority to consider this Bond Redetermination Request pursuant to Matter of Yajure Hurtado which this Court is bound by.

(*Id.*)  Petitioner then requested a custody redetermination and the IJ held a second bond hearing just ten days later.  (ECF No. 8 at PageID 25; ECF No. 8-3 at PageID 47.)  The IJ denied bond again, but this time the IJ explained:

> The respondent requested a custody redetermination pursuant to 8 C.F.R. § 1236. After full consideration of the evidence presented, the respondent's request for a change in custody status is hereby ordered:
> Denied, because Danger. Respondent has a recent arrest for Driving Under the Influence which involved a crash. Four months after this arrest, Respondent was rearrested for Driving While his License was Suspended due to the DUI conviction, which violated his probation.

(ECF No. 8-3 at PageID 47.)  Petitioner filed this Petition here about a month later.  (ECF No. 1.)

2

## LEGAL STANDARD

A petition for habeas corpus enables a person to challenge the legality of their custody. *See Boumediene v. Bush*, 553 U.S. 723, 745 (2008) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). And its traditional function "is to secure release from illegal custody." *Preiser*, 411 U.S. at 484; *see* 28 U.S.C. 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]"). Sections 1225 and 1226 of the INA typically govern the detention of noncitizens during removal proceedings. *See* 8 U.S.C. §§ 1225, 1226. Detention under § 1225(b)(2)(A) is mandatory; detention under § 1226(a) is discretionary. *See Cunha v. Freden*, -- F.4th --, 2026 WL 1146044, at *3 (2d Cir. Apr. 28, 2026) ("If Section 1226 applies, then Petitioner is eligible for release on bond pending the duration of his removal proceedings . . . . If Section 1225 applies, then he *must* be detained during the removal process with no opportunity for release on bond.").

## ANALYSIS

Petitioner here asserts that his mandatory detention under § 1225(b)(2)(A) is unlawful. (ECF No. 1-3 at PageID 11.) And he alleges that his "continued detention *without* a bond hearing" violates his Fifth Amendment right to due process, his Fourth Amendment protection against unreasonable seizure, the Immigration and Nationality Act ("INA"), and his Eighth Amendment right to be free from cruel and unusual punishment. (ECF No. 1 at PageID 6–7 (emphasis added).) Petitioner asks the Court to "[d]eclare the [his] indefinite detention *without* a bond hearing [] unlawful and [that it] violates due process." (*Id.* at PageID 7 (emphasis added).)

As one quickly realizes, this request conflicts with the facts because an IJ has already provided Petitioner with a bond hearing. Petitioner's counsel was unaware that he had received a

3

hearing before filing his Petition; indeed, the Petition states several times that Petitioner had been detained "*without a bond hearing.*" (ECF No. 1 at PageID 6–7; ECF No. 1-3 at PageID 13 (emphasis added).) Put bluntly, Petitioner's counsel failed to do a proper factual and procedural investigation before seeking habeas relief here.

It comes as no surprise then that Respondent argues that "Petitioner's Petition is moot and should be dismissed because he has already been given a bond hearing pursuant to 8 C.F.R. § 1236."[1] (ECF No. 8 at PageID 27–29.) Petitioner counters that "because the Petition challenges the legality of his present detention under § 1225 . . . . [t]he statutory controversy is therefore very much alive." (ECF No. 10 at PageID 56.) And "[h]e now seeks habeas because the prior requests for bond did not provide meaningful relief and because the Government continues to detain him under the wrong statute." (*Id.* at PageID 55.)

Respondent is correct that this Petition is moot because Petitioner has received the relief he petitioned for—a bond hearing. "Simply stated, a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (internal quotation marks and citation omitted). The "test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *Sullivan v. Benningfield*, 920 F.3d 401, 410 (6th Cir. 2019) (citation omitted). "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute 'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.'" *Id.* (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). Such is the case here.

---

[1] Because the Court agrees, it need not consider Respondent's five other arguments.

That Petitioner's counsel uses the Reply to reframe the issues raised in the Petition does not change this.[2]  As the parties are aware, the main difference between the two noncitizen-detention statutes at issue here is that § 1226(a) permits "noncitizens like Petitioner, who are already present in the United States and are determined not to be a flight risk or danger to the community, to be released on bond . . .  while their removal proceedings are pending" whereas § 1225(b)(2)(A) mandates detention.  *See Cunha*, -- F.4th --, 2026 WL 1146044, at *2.  So even if the Government detained Petitioner under § 1225, it treated him as if he were detained under § 1226 when the IJ held the bond hearing.

This of course renders the controversy moot because the Court has no "meaningful relief" to provide Petitioner.[3]  *Ailor v. City of Maynardville, Tenn.*, 368 F.3d 587, 596 (6th Cir. 2004) (citation omitted); *see Chafin v. Chafin*, 568 U.S. 165, 172 (2013) ("[A] case 'becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." (citation omitted)); *Davis v. Colerain Twp., Ohio*, 51 F.4th 164, 174 (6th Cir. 2022)

---

[2] To be sure, this might not be the case based on the IJ's reasoning at the first bond hearing.  *See Urrutia-Diaz v. Ladwig*, No. 25-3098, 2025 WL 3689158, at *4 (W.D. Tenn. Dec. 19, 2025) ("The Court agrees with Petitioner that *Matter of Yajure Hurtado*—which is binding on immigration judges—makes exhausting administrative remedies futile here.").  But Petitioner's second hearing proceeded on the merits.  And the IJ found that Petitioner posed a danger to the community based on his criminal record.  *See* 8 C.F.R. § 1236.1(c)(8), (d)(1).  Although Petitioner disagrees with the result of the hearing, "disagreement with the Immigration Judge's order [] does not constitute a violation of the Due Process Clause."  *Al-Shabee v. Gonzales*, 188 F. App'x 333, 339 (6th Cir. 2006).

[3] Petitioner also argues that Petitioner's "release is the only meaningful remedy."  (ECF No. 10 at PageID 62.)  This is unpersuasive.  As the parties are aware, this Court has considered countless habeas petitions challenging noncitizen detention under § 1225 and has granted many of them.  But the remedy in those cases is release because the petitioners *never received* a bond hearing under § 1226(a).  *See, e.g.*, *Monge-Nunez v. Ladwig*, No. 25-3043, 2025 WL 3565348, at *7 (W.D. Tenn. Dec. 12, 2025) ("Respondent is ORDERED to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) and 8 C.F.R. § 1236.1(c)(8), (d)(1) within seven days of the entry of this Order and to release Petitioner pending the bond hearing.").  That, of course, is not the case here.

("When later events have eliminated the plaintiff's injury or made it impossible for the court to grant relief, the case has become moot and a court must dismiss it." (citation omitted)).

## <u>CONCLUSION</u>

The Petition claims that Respondent detained Petitioner under § 1225(b) without providing him a bond hearing.  But the record shows otherwise.  Because Petitioner has received the relief he seeks if the Court granted the Petition—a bond hearing that complies with § 1226(a)— the Court **DENIES** the Petition **AS MOOT** and **DISMISSES** the Petition **WITHOUT PREJUDICE**.  *See Davis*, 51 F.4th at 176 (stating that district courts should dismiss moot claims without prejudice),

**SO ORDERED**, this 5th day of May, 2026.

        s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE