**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| JAHIR HERNANDEZ-HERNANDEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:26-cv-02332-TLP-cgc |
| v. | ) | |
| | ) | |
| CHRISTOPHER BULLOCK, Field Office | ) | |
| Director of Immigration and Customs | ) | |
| Enforcement, New Orleans Field Office, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT**

Petitioner Jahir Hernandez-Hernandez, a nineteen-year-old Mexican citizen detained in the West Tennessee Detention Facility in Mason, Tennessee petitioned for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) After reviewing the parties' briefing, the Court dismissed the Petition as moot. (ECF No. 11.) Petitioner now moves the Court under Federal Rule of Civil Procedure 59(e) to alter or amend its Judgment. (ECF No. 12.) Respondent opposes the Motion. (ECF No. 14.) And Petitioner replied. (ECF No. 15.) For the reasons below, the Court **DENIES** Petitioner's Motion to Alter or Amend Judgment.

## BACKGROUND

The Rutherford County Sheriff's Office ("RCSO") arrested Petitioner in June 2025 for driving under the influence of alcohol ("DUI"). (ECF No. 8-2 at PageID 43.) A Rutherford County court convicted Petitioner for that offense a few months later. (*Id.*) The RCSO arrested Petitioner again in early December 2025, this time for violating his probation by driving with a suspended license. (*Id.*)

1

After a Rutherford County court convicted Petitioner for violating probation, the RCSO released Petitioner into U.S. Immigration and Customs Enforcement's ("ICE") custody. (*Id.*) The Department of Homeland Security then served Petitioner with a Notice to Appear. (ECF No. 8-1 at PageID 37.) It charges him with being "an alien present in the United States who has not been admitted or paroled" under the Immigration and Nationality Act ("INA") §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I). (*Id.*; *see id.* at PageID 40.) Petitioner is currently detained by ICE at the West Tennessee Detention Center in Mason, Tennessee. (ECF No. 8 at PageID 26.)

On February 17, 2026, Petitioner received a bond hearing at the Memphis Immigration Court. (ECF No. 8-4 at PageID 51.) The Immigration Judge ("IJ") denied bond, explaining:

> The Department of Homeland Security has classified this Respondent as an applicant for admission. The Court does not have the authority to consider this Bond Redetermination Request pursuant to Matter of Yajure Hurtado which this Court is bound by.

(*Id.*) Petitioner then requested a custody redetermination and the IJ held a second bond hearing just ten days later. (ECF No. 8 at PageID 25; ECF No. 8-3 at PageID 47.) The IJ again denied bond, but this time the IJ explained:

> The respondent requested a custody redetermination pursuant to 8 C.F.R. § 1236. After full consideration of the evidence presented, the respondent's request for a change in custody status is hereby ordered:
> Denied, because Danger. Respondent has a recent arrest for Driving Under the Influence which involved a crash. Four months after this arrest, Respondent was rearrested for Driving While his License was Suspended due to the DUI conviction, which violated his probation.

(ECF No. 8-3 at PageID 47.)

## I.      The Petition and Court Ruling

Petitioner filed this Petition here about a month later. (ECF No. 1.) He asserted that his "mandatory" detention under § 1225(b)(2)(A) was unlawful. (ECF No. 1-3 at PageID 11.) And

he alleged that his "continued detention *without* a bond hearing" violated his constitutional rights. (ECF No. 1 at PageID 6–7 (emphasis added).) He asked the Court to "[d]eclare the [his] indefinite detention *without* a bond hearing [] unlawful and [that it] violates due process." (*Id.* at PageID 7 (emphasis added).)

The Court quickly noted that the statements in the Petition did not line up with the facts. The Petition alleged that Petitioner was being detained without a bond hearing when in fact he had had *two* bond hearings. (*See* ECF No. 11 at PageID 71.)

Respondent picked up on this as well. He argued that "Petitioner's Petition is moot and should be dismissed because he has already been given a bond hearing pursuant to 8 C.F.R. § 1236." (ECF No. 8 at PageID 27–29.) Petitioner replied that "because the Petition challenges the legality of his present detention under § 1225 . . . . [t]he statutory controversy is therefore very much alive." (ECF No. 10 at PageID 56.) And "[h]e now seeks habeas because the prior requests for bond did not provide meaningful relief and because the Government continues to detain him under the wrong statute." (*Id.* at PageID 55.)

The Court agreed with Respondent. As explained in the Order Denying Petition for Writ of Habeas Corpus as Moot:

> Respondent is correct that this Petition is moot because Petitioner has received the relief he petitioned for—a bond hearing. "Simply stated, a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (internal quotation marks and citation omitted). The "test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *Sullivan v. Benningfield*, 920 F.3d 401, 410 (6th Cir. 2019) (citation omitted). "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute 'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.'" *Id.* (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). Such is the case here.

> That Petitioner's counsel uses the Reply to reframe the issues raised in the Petition does not change this. As the parties are aware, the main difference between the two noncitizen-detention statutes at issue here is that § 1226(a) permits "noncitizens like Petitioner, who are already present in the United States and are determined not to be a flight risk or danger to the community, to be released on bond . . . while their removal proceedings are pending" whereas § 1225(b)(2)(A) mandates detention. *See Cunha*, -- F.4th --, 2026 WL 1146044, at *2. So even if the Government detained Petitioner under § 1225, it treated him as if he were detained under § 1226 when the IJ held the bond hearing.
>
> This of course renders the controversy moot because the Court has no "meaningful relief" to provide Petitioner.

(ECF No. 11 at PageID 71–73.) Because Petitioner had already received the relief he sought in his Petition—a bond hearing that complies with § 1226(a)—the Court denied the Petition as moot and dismissed it *without* prejudice. With all that in mind, the Court now turns to Petitioner's Rule 59 Motion.

## ANALYSIS

Rule 59(e) allows a district court to "rectify its own mistakes." *Banister v. Davis*, 590 U.S. 504, 508 (2020) (citation omitted). For a party to receive relief under this Rule, the movant must show "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (citation omitted). Rule 59(e)'s "extraordinary remedy" is generally "restricted to those circumstances in which the moving party has set forth facts or law of a strongly convincing nature that indicate that the court's prior ruling should be reversed." *Doe v. Nichols*, No. 19-0319, 2019 WL 5538304, at *2 (M.D. Tenn. Oct. 25, 2019) (citing *Harris v. Perry*, Case No. 12-2668, 2016 WL 5396701, at *3 (W.D. Tenn. Sept. 27, 2016)).

Petitioner invokes both the first and fourth factors Rule 59(e)—clear error of law and a need to prevent a manifest injustice. (*See* ECF No. 12 at PageID 76.) He specifies that the Court "misapprehended the relief [] sought" in the Petition; the case was not moot because the Court

4

could still grant "effectual relief"; the bond hearing did not "cure" the statutory violation; his request for immediate relief was still an available remedy; and altering the judgment is necessary to prevent an injustice to him.  (*Id.* at PageID 77–82.)

## I.    No Clear Error of Law

These arguments largely mirror those presented in the underlying habeas proceeding.  For example, Petitioner argued earlier that the bond hearing did not provide him meaningful relief and that Respondent continued to detain him under the wrong statute.  (*See* ECF No. 10 at PageID 55–56.)  But the Court rejected the argument: "even if the Government detained Petitioner under § 1225, it treated him as if he were detained under § 1226 when the IJ held the bond hearing."  (ECF No. 11 at PageID 72.)

And the Court *did not* "misapprehend" the relief Petitioner sought in his Petition.  The Petition stated that he was held "without" a bond hearing and asked the Court ""[d]eclare [his] indefinite detention without a bond hearing [] unlawful and [that it] violates due process."  (ECF No. 1 at PageID 7.)  The Order acknowledged this in full.  (ECF No. 11 at PageID 70.)  It then found that the IJ held Petitioner's second bond hearing on the merits and the IJ denied bond because he found that Petitioner posed a danger to the community based on his criminal background.  (*Id.* at 72.)  So the Court need not further repeat itself on those points.

At bottom, Petitioner has not shown clear error here.  He is incorrect that he remains "detained under a statute" that he "contends does not govern his detention."  (ECF No. 12 at PageID 81.)  Although he claims that immediate release is an available remedy, this does not change that § 1226(a)—the statute that controls his detention—does not require "immediate release."  Rather, "[n]oncitizens arrested and detained under § 1226 have a right to request a custody redetermination (i.e., a bond hearing) before an Immigration Judge."  *Padilla-Ugsha v.*

*Ladwig*, 819 F. Supp. 3d 827, 833 (W.D. Tenn. 2025) (citation omitted); *see* 8 C.F.R. § 1236.1(c)(8), (d)(1)); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 735 (6th Cir. 2026) ("Petitioners should have a forum to explain that their backgrounds and connections to their communities justify release on bond while they undergo their removal proceedings.").  He is thus detained under § 1226 and has had a bond hearing, which renders his Petition moot.  *Cf. Davis v. Colerain Twp., Ohio*, 51 F.4th 164, 174 (6th Cir. 2022) ("When later events have eliminated the plaintiff's injury or made it impossible for the court to grant relief, the case has become moot and a court must dismiss it." (citation omitted)).

## II.     No Manifest Injustice

As to manifest injustice, Petitioner points out that he has lived in the United States for about sixteen years and has "presented significant equities, including family support, church ties, employment history, and outstanding academic and scholarship history."  (ECF No. 12 at PageID 81–82.)  The Court does not doubt any of that.  But manifest injustice in this context generally requires the movant to show a "fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy."  *McDaniel v. Am. Gen. Fin. Servs., Inc.*, No. 04-2667 B, 2007 WL 2084277, at *2 (W.D. Tenn. July 17, 2007) (quoting *In re Bunting Bearings Corp.*, 321 B.R. 420, 423 (Bankr. N.D. Ohio 2004)).

Although the Court sympathizes with Petitioner, sympathy alone does not rise to a "fundamental flaw."  What is more, Petitioner never sought leave to amend his Petition.  Nor did he appeal the IJ's bond denial.  He instead sued here asserting factual allegations that did not reflect what had actually taken place in his immigration proceedings.  And as Petitioner notes in his Reply, he may still file another petition that challenges the bond hearing's merits.  (*See* ECF

No. 15 at PageID 99.)  Simply put, the Court dismissing the Petition without prejudice has not caused a manifest injustice.

## **CONCLUSION**

For the reasons above, the Court **DENIES** Petitioner's Motion to Alter or Amend.  The dismissal remains without prejudice.  (*See* ECF No. 12 at PageID 82 (requesting "that the Court clarify its dismissal remains without prejudice to a later habeas challenge").)

**SO ORDERED**, this 3rd day of August, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE